RICHARD HONG (NY Attorney Reg. No. 2503589)
Email:  HongR@sec.gov
J. LEE BUCK, II (D.C. Bar No. 421878)
Email:  BuckJL@sec.gov
ALFRED C. TIERNEY (Cal. Bar No. 274265)
Email:  TierneyA@sec.gov
BENJAMIN D. BRUTLAG (N.Y. Attorney Reg. No. 4596698)
Email:  BrutlagB@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street N.E.
Washington, DC 20549
Telephone:  (212) 336-0956 (Hong)

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:17-cv-02086-JAH-JLB |
| Plaintiff, | **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING SERVICE OF SUMMONS AND AMENDED COMPLAINT UNDER RULE 4(F)(3);AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| vs. | |
| GERARDO DE NICOLÁS GUTIERREZ, CARLOS JAVIER MOCTEZUMA VELASCO, RAMÓN LAFARGA BÁTIZ, and NOE CORRALES REYES, | |
| Defendants | |
| | Date:    August 12, 2019, at 2:30 PM |
| | Judge:  Hon. John A. Houston |
| | Crtrm.:  13B |
| | Motions Hearing:  None requested |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that Plaintiff, the U.S. Securities and Exchange Commission ("SEC"), hereby moves for an order allowing the SEC to serve process upon

      (i)      Defendant Gerardo de Nicolás Gutiérrez ("de Nicolás") via e-mail and overnight delivery to de Nicolás's U.S.-based counsel, Paul Alfieri, Esq. (palfieri@reedsmith.com) of Reed Smith LLP, 599 Lexington Avenue, New York, NY 10022;

      (ii)     Defendant Carlos Moctezuma Velasco ("Moctezuma") via e-mail and overnight delivery to Moctezuma's U.S.-based counsel, G. Robert Gage, Jr., Esq. (grgage@gagespencer.com), of Gage Spencer & Fleming LLP, 410 Park Avenue #810, New York, NY 10022; and

      (iii)    Defendant Ramón Lafarga Bátiz ("Lafarga") via e-mail to rlafarga90@hotmail.com.

This motion is made pursuant to Federal Rule of Civil Procedure 4(f)(3), which permits the Court to authorize a plaintiff to serve a defendant not within any judicial district of the United States through any "means not prohibited by international agreement, as the court orders." This motion is based on the accompanying Memorandum of Points and Authorities and the accompanying Declaration of Benjamin D. Brutlag ("Brutlag Decl.")

The SEC has filed a [Proposed] Order. The SEC does not believe that an oral argument is necessary; however, should the Court desire a hearing, the SEC will be available at the Court's convenience.

## MEMORANDUM OF POINTS AND AUTHORITIES

The SEC respectfully submits this memorandum of points and authorities in support of its Motion for Order Allowing Service of Summons and Amended Complaint Under Rule 4(f)(3) on de Nicolás, Moctezuma, and Lafarga (collectively, the "Unserved Defendants"). As detailed herein, the SEC has made substantial attempts to effect proper service of process upon the Unserved Defendants in the above-captioned action (the "Action") and has successfully served

one other defendant to the Action, Noe Corrales Reyes ("Corrales"), via the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention").  The SEC has also requested Moctezuma's and de Nicolás's U.S.-based counsel to accept or waive service.

The SEC's attempts to serve the Unserved Defendants through the Hague Service Convention have not been successful and, to date, U.S.-based counsel for Moctezuma and de Nicolás have refused to accept or waive service of the amended complaint in this Action. Accordingly, because the SEC has been unable to accomplish service under the traditional procedures prescribed under the Federal Rules of Civil Procedure and for the reasons set forth below, the SEC respectfully requests that the Court permit service in the manner described in the [Proposed] Order submitted herewith.

## RELEVANT FACTUAL BACKGROUND

1.  This Action and the *Homex* Action

On March 3, 2017, the SEC filed in this Court an action for violations of the federal securities laws against the Mexican homebuilder company Desarrolladora Homex, S.A.B. de C.V. ("Homex" or "the Company") entitled *SEC v. Desarrolladora Homex, S.A.B. de C.V.*, Case No. 3:17-cv-00432-L-WVG (the "*Homex* Action").  In the *Homex* Action, the SEC alleged that, from at least 2010 through 2013, the Company improperly recognized billions of dollars of revenue, by systematically and fraudulently reporting revenue from the sale of tens of thousands of homes annually that it had neither built nor sold.  The parties to the *Homex* Action reached a settlement and the court entered its final judgment on March 28, 2017.

On October 10, 2017, the SEC subsequently filed the complaint in this action (the *"*Action") against four former executives of Homex:  de Nicolás, Moctezuma, Lafarga, and Corrales. (ECF No. 1.)  This Action raises similar factual allegations and claims as those raised by the SEC in the settled *Homex* Action.  The SEC amended its complaint on October 26, 2017. ("Amended Complaint," ECF No. 4.)

On January 5, 2018, the SEC filed a notice in this Action stating that Homex's former executives "have either not agreed to a waiver of service of process or otherwise declined to respond to the SEC's multiple requests for such waiver." (ECF No. 5.)  This notice further informed the Court that the SEC would serve Homex's former executives pursuant to the Hague Service Convention.  *Id.*

The SEC thereafter worked to obtain the necessary documents, information, and addresses to send sets of Hague Service Convention documents to Mexico's Central Authority[1] to effect process on each of the Defendants in the Action.  (Brutlag Decl. at ¶ 19.)  This preparation included, among other things: obtaining translations of the Amended Complaint and summonses (ECF No. 2) into Spanish and identifying potential addresses for each of the Defendants.  (*Id.* at ¶ 19.)  From documents received during the course of its investigation that led to this Action, the SEC identified one potential address for Corrales, three addresses for de Nicolás, two addresses for Lafarga, and one address for Moctezuma.  (*Id.*)  Accordingly, the SEC prepared for these addresses Hague Service Convention packages for submission to Mexico's Central Authority.  (*Id.*)

As of the date of the filing of this motion, the SEC has been unable to accomplish service under the traditional procedures prescribed under the Federal Rules of Civil Procedure.  The SEC's efforts to inform each Defendant, all of whom are residents of Mexico, regarding the pendency of this Action are detailed below.

> a.   *de Nicolás*

The Mexican Central Authority returned for each of the three Hague Service Convention packages relating to de Nicolás's addresses identified by the SEC a certificate attesting that service could not be completed.  The certificates are dated May 23, 2018, June 4, 2018, and June 18, 2018.  (Brutlag Decl. at ¶ 20.)

Paul Alfieri, an attorney in the New York office of Reed Smith LLP, represents de Nicolás in connection with the Action.  Mr. Alfieri has confirmed to the SEC that he is not

---

[1] Each signatory to the Hague Service Convention designates a "Central Authority" to "undertake to receive requests for service coming from other Contracting States . . . ."  Hague Service Convention, art. 2, 20 U.S.T. 361.

authorized to accept or waive service on behalf of de Nicolás, including most recently on June 13, 2019.  (*Id.* at ¶ 8.)

> b.   *Moctezuma*

The Mexican Central Authority returned to the SEC for the Hague Service Convention package relating to Moctezuma's address identified by the SEC a certificate attesting that service could not be completed.  The certificate is dated September 11, 2018. (*Id.* at ¶ 21.)

G. Robert Gage, Jr., an attorney at Gage Spencer & Fleming LLP in New York, represents Moctezuma in connection with the Action.  Mr. Gage has confirmed to the SEC that he is not authorized to accept or waive service on behalf of Moctezuma, including most recently on December 8, 2017.  (*Id.* at ¶ 15.)  On June 14, 2019, the SEC staff e-mailed Mr. Gage to again confirm whether he would accept or waive service of the Amended Complaint on behalf of Moctezuma.  (*Id.* at ¶ 16.) To date, Mr. Gage has not responded to the SEC staff's e-mail.  (*Id.*)

> c.   *Lafarga*

The Mexican Central Authority returned for each of the two Hague Service Convention packages relating to Lafarga's addresses identified by the SEC a certificate attesting that service could not be completed.  The certificates are dated June 12, 2018 and June 27, 2018.  (*Id.* at ¶ 22.)

The SEC separately made several attempts to contact Lafarga directly by phone.  On November 14, 2017, a Spanish-speaking member of the SEC staff called a number that the SEC had identified as Lafarga's personal number based upon documents produced during the course of the SEC's investigation that led to this Action.  A woman who did not identify herself stated that Lafarga was not present and subsequently added that the phone number did not belong to Lafarga.  (*Id.* at ¶ 29.)  On November 14, 2017, the SEC called the main number for the Colegio de Contadores Publicos de Culiacan, A.C. (the "Colegio"), a professional organization at which the SEC understood, based upon online research, Lafarga was then employed.  The receptionist confirmed to the Spanish-speaking SEC staff member that Lafarga was employed at the Colegio, and provided his direct office telephone number and an e-mail of rlafarga90@hotmail.com.  (*Id.*

at ¶ 30.)  The SEC called Lafarga's direct line at the Colegio six times between November 14, 2017 and January 3, 2018, leaving messages in Spanish with two separate individuals that identified themselves as co-workers of Lafarga and providing those individuals with the SEC's contact information and requesting that Lafarga contact the SEC.  (*Id.* at ¶ 31.)  To date, Lafarga has not done so.

The SEC further attempted contacting Lafarga via the rlafarga90@hotmail.com e-mail address provided by the Colegio, sending an e-mail in Spanish on May 22, 2019 attaching a Spanish translation of the Amended Complaint and summons, and requesting that Lafarga contact the SEC.  (*Id.* at ¶ 33.)  That e-mail was not returned as undeliverable; however, to date, the SEC has received no response.  (*Id.* at ¶¶ 33-34.)

### d.   Corrales

The Mexican Central Authority returned to the SEC a certificate attesting that service on the address for Corrales identified by the SEC had been executed on June 6, 2018, pursuant to Article 6 of the Hague Service Convention.  (*Id.* at ¶ 23.)  On November 1, 2018, the SEC filed with this Court a copy of the Corrales service certificate.  (ECF No. 6.)

### 2.   This Court's Order Granting Plaintiff's Motion for Leave to Effect Service in the *Acosta* Action

On October 20, 2017, plaintiff Jose Acosta filed in this Court a purported class action complaint in *Acosta v. Homex et al.*, Case No. 17-cv-02163, naming as defendants Homex and the Unserved Defendants (the "*Acosta* Action"). The *Acosta* Action alleges that Homex and the Unserved Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 for making false and/or misleading statements during the purported class period of April 20, 2012 and May 5, 2016 inclusive.  (*Acosta* Action ECF No. 1, ¶ 1.)

On December 14, 2018, plaintiff in the *Acosta* Action filed a motion for leave to effect alternative service on Homex and the Unserved Defendants in that action after being unable to accomplish service via, among other means, the Hague Service Convention.  (*Acosta* Action ECF No. 5-1 at 1.)

On March 4, 2019, this Court issued an order granting the *Acosta* plaintiff's motion for leave to effect alternative service, specifically on Homex via the Company's U.S. Counsel and on the Unserved Defendants by sending messages to their social media accounts. (*Acosta* Action ECF No. 7.)

On March 21, 2019, the *Acosta* Plaintiff informed this Court that it had served each of the Unserved Defendants with the *Acosta* complaint. (*Acosta* Action ECF No. 8, ¶¶ 5-11.) The *Acosta* complaint references the pendency of this Action and over the course of several paragraphs provides a detailed summary of the SEC's allegations and relevant charges against the Defendants. (*See Acosta* Action ECF No. 1, ¶¶ 171-81.).

## ARGUMENT

### I.   STANDARDS OF LAW

Under Rule 4(f)(3), service of process may be effected by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement."). The decision to permit service under Rule 4(f)(3) "is within the sound discretion of the district court, which must determine whether the particularity and necessities" of a particular case require alternative means of service. *Keck v. Alibaba.com, Inc.*, No. 17-CV-05672-BLF, 2018 WL 3632160, at *2 (N.D. Cal. July 31, 2018). Before invoking Rule 4(f)(3), it is not necessary to exhaust or demonstrate the impossibility of service under other provisions of Rule 4(f): "[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, … service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Rio Properties, Inc.*, 284 F.3d at 1015. Instead, it is "merely one means among several which enables service of process on an international defendant." *Id.* Therefore, all that is required for invoking Rule 4(f)(3) is that the method of service is "not prohibited by international agreement" and satisfies due process. *Id.* at 1016 ("Even if facially permitted by Rule 4(f)(3), a method of service of process

must also comport with constitutional notions of due process.").  As detailed below, the SEC's proposed methods of alternative service meets these requirements.

II.     **THE SEC'S PROPOSED METHODS OF RULE 4(F)(3) SERVICE ON THE UNSERVED DEFENDANTS SATISFY THE LEGAL STANDARDS AND THUS SHOULD BE PERMITTED**

A.     **This Court Should Permit Alternative Service on de Nicolás and Moctezuma Through Their U.S.-Based Counsel**

In the *Acosta* Action, this Court permitted service on Homex via the company's U.S.-based counsel, finding that this proposed method of service meets the standard set forth by the Ninth Circuit for alternative service under Rule 4(f)(3).  (*Acosta* Action ECF No. 7 at 1.)  The SEC respectfully requests that this Court similarly permit alternative service on de Nicolás and Moctezuma through their U.S.-based counsel as doing so easily satisfies the requirements of Rule 4(f)(3) and constitutional due process.

First, alternative service under Rule 4(f)(3) is permissible here even though Mexico has objected to alternative service under Article 10 of the Hague Service Convention, which otherwise permits service via "postal channels, directly to persons abroad" or "judicial officers." "'[N]umerous courts have authorized [alternative service] even where the Hague Convention applies.  This is true even in cases involving countries that… have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.'"  *Updateme Inc. v. Axel Springer SE*, No. 17-CV-05054-SI, 2018 WL 306682, at *3 (N.D. Cal. Jan. 5, 2018) (quoting *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *12 (N.D. Cal. July 1, 2011)).  Indeed, courts have specifically found service of a foreign defendant via their U.S.-based counsel permissible despite the relevant signatory country objecting to Article 10 of the Hague Service Convention.  *See, e.g., In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002, 1010 (N.D. Cal. 2014) (permitting service on U.S. counsel of Chinese manufacturer though China objected to Article 10); *In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (same).

Second, service of the complaint and summons on domestic counsel, as proposed by the SEC, comports with due process.  To meet this requirement, "the method of service … must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Rio Properties*, 284 F.3d at 1016-17 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Here, the SEC has been in contact with U.S.-based counsel for de Nicolás and Moctezuma both prior to[2] and after the filing of this Action and has made persistent efforts to serve both defendants via the Hague Service Convention.  De Nicolás and Moctezuma have been provided with notice of this Action, either by being served in the related *Acosta* Action or through their domestic counsel.  (Brutlag Decl. ¶¶ 4-18.)

Finally, the Court should allow the SEC to serve de Nicolás and Moctezuma via their U.S.-based counsel because not only will doing so reliably give these defendants notice, it will do so efficiently and speedily, conserving time and resources.  *See Knit With v. Knitting Fever, Inc.*, No. 08-cv-4221 (RLB), 2010 U.S. Dist. LEXIS 129870, at *10–11 (E.D. Pa. Dec. 7, 2010) ("Repeatedly, courts around the country have found that service upon a foreign defendant through counsel is appropriate to prevent further delays in litigation.").  Courts have found alternative service on U.S.-based counsel particularly appropriate where, as here, the plaintiff has already spent time and resources attempting service through the Hague Service Convention on foreign defendants.  *See Cheetah Mobile, Inc. v. APUS Grp.*, No. 15-CV-02363-HSG, 2016 WL 4036098, at *3 (N.D. Cal. July 28, 2016) ("Service upon Defendant's U.S. counsel is particularly appropriate here because Plaintiffs have been attempted to serve Defendant [for an extended period], both through personal service and the Hague Convention."); *Morningstar v. Dejun*, No. CV 11-00655 DDP VBKX, 2013 WL 502474, at *1 (C.D. Cal. Feb. 8, 2013) ("The case for alternative service is even stronger here, where Plaintiffs have attempted to serve the Foreign Defendants through the Hague Convention for over a year, with no success.")

---

[2] Prior to the filing of this action, de Nicolás was represented by another partner at Reed Smith LLP, Don Andrews, Esq.. (Brutlag Decl. at ¶ 5.)  The SEC understands that Mr. Alfieri jointly represented de Nicolás with Mr. Andrews from approximately February 2018 until Mr. Andrew's recent departure from the Reed Smith firm.

In order to expedite this litigation and reduce the costs associated with it, the SEC respectfully requests leave from this Court to serve Moctezuma and de Nicolás by serving their U.S.-based counsel.

**B.     This Court Should Permit Alternative Service on Lafarga via his Personal E-Mail Account**

The SEC seeks to serve Lafarga via his personal e-mail account.[3]

As discussed above in Part II.A, the Federal Rules of Civil Procedure allow service to be effected by alternative means not prohibited by international agreement.  Fed. R. Civ. P. 4(f)(3). While Mexico has objected to the means of alternative service detailed in Article 10 of the Hague Service Convention, courts have found that such objection does not extend to service via e-mail.[4]  *See Shinde v. Nithyananda Found.*, No. EDCV1300363JGBSPX, 2014 WL 12597121, at *7 (C.D. Cal. Aug. 25, 2014) ("The Court agrees with the numerous courts that have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10.") (collecting cases).

Numerous courts have also held that service via e-mail accounts comports with due process where reasonably calculated under the circumstances to apprise defendants of the pendency of the action.  *See WhosHere, Inc. v. Orun*, No. 1:13-CV-00526-AJT, 2014 WL 670817, at *3-4 (E.D. Va. Feb. 20, 2014) (finding "service of process on defendant by email … complies with both Rule 4(f)(3) and constitutional due process."); *ADT Sec. Servs., Inc. v. Sec. One Int'l, Inc.*, No. 11-CV-05149 YGR, 2012 WL 3580670, at *2 (N.D. Cal. Aug. 17, 2012) (finding service by e-mail to be reasonably calculated to provide actual notice where e-mail sent to address identified as defendant's were not returned as undeliverable); *Liberty Media*

---

[3] In the *Acosta* Action, this Court ordered that the plaintiff may, pursuant to Rule 4(f)(3), serve Lafarga via a Facebook account. (*Acosta* Action ECF No. 7 at 2.)  The *Acosta* plaintiff did not move for alternative service on Lafarga via e-mail, a means of service that the SEC believes is even more likely under the circumstances to apprise Lafarga of the pendency of the action.

[4] While certain courts have found service by e-mail to be indistinguishable from serve by "postal channels" under Article 10 of the Hague Service Convention, *see, e.g., Agha v. Jacobs*, No. C 07-1800 RS, 2008 WL 2051061, at *1-2 (N.D. Cal. May 13, 2008), the weight of precedent demonstrates that the "better argument is that e-mail is sufficiently distinct from postal channels that the two should not be equated under the Hague [Service] Convention." *SEC v. China Sky One Med., Inc.*, No. CV1207543MWFMANX, 2013 WL 12314508, at *3 (C.D. Cal. Aug. 20, 2013).

*Holdings, LLC v. March*, No. 101809, 2011 WL 197838, at *2 (S.D. Cal. Jan. 20, 2011) (finding that service upon defendants' last known valid email address was reasonably calculated to apprise defendants of the pendency of the action).

      Here, the SEC reasonably believes that it has identified Lafarga's personal e-mail address.  As discussed above, in November 2017, Lafarga's former employer confirmed that his e-mail address is rlafarga90@hotmail.com.  Further, among the documents obtained by the SEC during the course of its investigation that led to this Action, the SEC has identified over 500 e-mails sent to Lafarga at this address between the years 2008 and 2015.  (Brutlag Decl. at ¶ 32.)  Thus, Lafarga has used this e-mail account regularly over a substantial period of time, and there is no reason to believe that the e-mail address is no longer valid today.  Indeed, the SEC sent a Spanish-language e-mail to the rlafarga90@hotmail.com address on May 22, 2019, attaching the a Spanish translation of the Amended Complaint and summons and requesting that Lafarga contact the SEC.  (*Id.* at ¶ 33.)   That e-mail was not returned as undeliverable and, to date, the SEC has received no response.  (*Id.* at ¶¶ 33-34.)

## <u>CONCLUSION</u>

For the reasons set forth above, the SEC respectfully requests that the Court authorize alternative service of process upon:

(i)     de Nicolás via e-mail and overnight delivery to de Nicolás's U.S.-based counsel, Paul Alfieri, Esq. ([palfieri@reedsmith.com](mailto:palfieri@reedsmith.com)) of Reed Smith LLP, 599 Lexington Avenue, New York, NY 10022;

(ii)    Moctezuma via e-mail and overnight delivery to Moctezuma's U.S.-based counsel, G. Robert Gage, Jr., Esq. ([grgage@gagespencer.com](mailto:grgage@gagespencer.com)), of Gage Spencer & Fleming LLP, 410 Park Avenue #810, New York, NY 10022; and

(iii)   Lafarga via e-mail to [rlafarga90@hotmail.com](mailto:rlafarga90@hotmail.com).

Dated:  July 3, 2019

                                               Respectfully submitted,

                                               */s/ Richard Hong*
                                               RICHARD HONG
                                               BENJAMIN D. BRUTLAG
                                             Attorneys for Plaintiff
                                             Securities and Exchange Commission