RICHARD HONG (NY Attorney Reg. No. 2503589)
Email:  HongR@sec.gov
J. LEE BUCK, II (D.C. Bar No. 421878)
Email: BuckJL@sec.gov
ALFRED C. TIERNEY (Cal. Bar No. 274265)
Email:  TierneyA@sec.gov
BENJAMIN D. BRUTLAG (N.Y. Attorney Reg. No. 4596698)
Email:  BrutlagB@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street N.E.
Washington, DC 20549
Telephone:  (212) 336-0956 (Hong)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br>vs.<br>GERARDO DE NICOLÁS GUTIERREZ, CARLOS JAVIER MOCTEZUMA VELASCO, RAMÓN LAFARGA BÁTIZ, and NOE CORRALES REYES,<br><br>　　　　　　Defendants | Case No. 3:17-cv-02086-JAH-JLB<br><br>**DECLARATION OF BENJAMIN D. BRUTLAG IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR ORDER ALLOWING SERVICE OF SUMMONS AND AMENDED COMPLAINT UNDER RULE 4(F)(3)**<br><br>Date:　August 12, 2019, at 2:30 PM<br>Judge:  Hon. John A. Houston<br>Crtrm.:  13B<br>Motions Hearing:  None requested |

Pursuant to 28 U.S.C. § 1746, I, Benjamin D. Brutlag, declare that:

1.　　I am an attorney for Plaintiff United States Securities and Exchange Commission (the "SEC") in the Division of Enforcement and make this declaration in support of the SEC's Motion for Order Allowing Service of Summons and Amended Complaint Under Rule 4(f)(3).

2.  I am one of the attorneys representing the SEC in this matter. Also, before the institution of this lawsuit, I was one of the SEC attorneys who investigated this matter. As such, I am familiar with the facts and circumstances surrounding the investigation and litigation. I therefore make this declaration based on (i) my personal knowledge, (ii) information and documents obtained during the Commission's investigation of this matter, (iii) information provided to me by other SEC staff members involved in the investigation and litigation, and (iv) other documents, as may be described herein.

3.  After filing the Amended Complaint in this action (ECF No. 4), the SEC began the process of serving the Amended Complaint on defendants Gerardo de Nicolás Gutiérrez ("de Nicolás"), Carlos Moctezuma Velasco ("Moctezuma"), Ramón Lafarga Bátiz ("Lafarga"), and Noe Corrales Reyes ("Corrales") (collectively, "Defendants"). This included contacting attorneys known to the SEC staff as personally representing de Nicolás and Moctezuma in this action, attempting service on each Defendant via the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), and attempting to contact Lafarga via both telephone and e-mail.

SEC Attempts to Serve Process via U.S.-Based Counsel to de Nicolás

4.  Paul Alfieri, Esq. is an attorney at the law firm Reed Smith LLP, located at 599 Lexington Avenue, New York, NY 10022. The SEC staff has often communicated with Mr. Alfieri, including through email to and from the email address palfieri@reedsmith.com.

5.  Mr. Alfieri's former colleague at the Reed Smith firm, Don Andrews, Esq., first contacted the SEC staff during the investigation on April 29, 2016. At the time, Mr. Andrews was with the firm Venable LLP. Mr. Andrews represented to the staff that he was contacting the staff on behalf of Homex, including its then-CEO, de Nicolás.

6.  After the Complaint in this action was filed on October 11, 2017 (ECF No. 1), the SEC staff made numerous attempts via phone and e-mail to confirm that Mr. Andrews, who had since joined the Reed Smith firm, represented de Nicolás in connection with this action and that he would accept service on de Nicolás's behalf. Mr. Andrews confirmed on October 25, 2017

that he was not authorized to accept service on behalf of de Nicolás and that he "anticipate[d] serving as [de Nicolás's] counsel for purposes of the larger action." After not hearing further from Mr. Andrews, on December 4, 2017, the SEC staff inquired with Mr. Andrews as to the status of his retention by de Nicolás and whether he was authorized to accept service of process. On December 5, 2017, Mr. Andrews confirmed that the Reed Smith firm did represent de Nicolás but that he was not authorized to accept service, requesting that the SEC staff "work through appropriate channels in Mexico to effect such service."

7. On February 15, 2018, Mr. Andrews first copied Mr. Alfieri on communications relating to the Reed Smith firm's representation of de Nicolás. The SEC staff since that time has had numerous communications regarding this matter with Mr. Alfieri.

8. Most recently, in a telephone conversation in which I participated on June 13, 2019, Mr. Alfieri stated to the SEC staff that he was not authorized to accept or waive service of the Amended Complaint on behalf of de Nicolás. Later that day, the SEC staff e-mailed Mr. Alfieri seeking his written confirmation thereof. To date, Mr. Alfieri has not responded to the SEC staff's e-mail.

9. Attached as Exhibit 1 is a true and correct copy of the October 25, 2017 e-mail sent by Mr. Andrews to the SEC staff.

10. Attached as Exhibit 2 is a true and correct copy of the December 5, 2017 e-mail sent by Mr. Andrews to the SEC staff.

11. Attached as Exhibit 3 is a true and correct copy of the June 13, 2019 e-mail sent by the SEC staff to Mr. Alfieri.

SEC Attempts to Serve Process via U.S.-Based Counsel to Moctezuma

12. G. Robert Gage, Jr., Esq. is an attorney at the law firm Gage Spencer & Fleming LLP, located at 410 Park Avenue #810, New York, NY 10022. The SEC staff has communicated with Mr. Gage, including through email to and from the email address grgage@gagespencer.com.

13. Mr. Gage first contacted the SEC staff during the investigation by phone on July 25, 2017. On that call, Mr. Gage represented to the SEC staff that he represented Moctezuma.

14. After the Complaint in this action was filed on October 11, 2017, the SEC staff made numerous attempts via phone and e-mail to confirm that Mr. Gage represented Moctezuma in connection with this action and that he would accept service on Moctezuma's behalf. Mr. Gage in an October 23, 2017 phone call informed the SEC staff that he was not authorized to accept service on behalf of Moctezuma but would not confirm his continued representation.

15. After not hearing further from Mr. Gage, on December 4, 2017, the SEC staff inquired with Mr. Gage via e-mail as to the status of his retention by Moctezuma and whether he was authorized to accept service of process. On December 8, 2017, Mr. Gage confirmed that the Gage. Spencer & Fleming firm did represent Moctezuma but that he was not authorized to accept service.

16. Most recently, on June 14, 2019, the SEC staff e-mailed Mr. Gage to again confirm whether he would accept or waive service of the Amended Complaint on behalf of Moctezuma. To date, Mr. Gage has not responded to the SEC staff's e-mail.

17. Attached as Exhibit 4 is a true and correct copy of the December 8, 2017 e-mail sent by Mr. Gage to the SEC staff.

18. Attached as Exhibit 5 is a true and correct copy of the June 14, 2019 e-mail sent by the SEC staff to Mr. Gage.

SEC Attempts to Serve Process on Defendants via the Hague Service Convention

19. In order to accomplish service via the Hague Service Convention, the SEC staff worked to obtain the necessary documents, information, and addresses to send sets of Hague Service Convention documents to Mexico's Central Authority to effect process on each of the Defendants. This preparation included, among other things: obtaining translations of the Amended Complaint and summons into Spanish and identifying potential addresses for each of the Defendants. From documents received during the course of its investigation that led to this Action, the SEC staff identified one potential address for Corrales, three addresses for de

Nicolás, two addresses for Lafarga, and one address for Moctezuma. Accordingly, the SEC staff prepared for these addresses Hague Service Convention packages for submission to Mexico's Central Authority.

20. The Mexican Central Authority returned for each of the three Hague Service Convention packages relating to de Nicolás's addresses identified by the SEC staff a certificate attesting that service could not be completed. The certificates are dated May 23, 2018, June 4, 2018, and June 18, 2018.

21. The Mexican Central Authority returned to the SEC staff the Hague Service Convention package relating to Moctezuma's address identified by the SEC staff a certificate attesting that service could not be completed. The certificate is dated September 11, 2018.

22. The Mexican Central Authority returned for each of the two Hague Service Convention packages relating to Lafarga's addresses identified by the SEC staff a certificate attesting that service could not be completed. The certificates are dated June 12, 2018 and June 27, 2018.

23. The Mexican Central Authority returned to the SEC staff a certificate attesting that service on the address for Corrales identified by the SEC staff had been executed on June 6, 2018, pursuant to Article 6 of the Hague Service Convention.

24. Attached as Exhibit 6 are true and correct copies of the certificates, dated May 23, 2018, June 4, 2018, and June 18, 2018, from the Mexican Central Authority attesting that service could not be completed on de Nicolás.

25. Attached as Exhibit 7 is a true and correct copy of the certificate, dated September 11, 2018, from the Mexican Central Authority attesting that service could not be completed on Moctezuma.

26. Attached as Exhibit 8 are true and correct copies of the certificates, dated June 12, 2018 and June 27, 2018, from the Mexican Central Authority attesting that service could not be completed on Lafarga.

27. Attached as Exhibit 9 is a true and correct copy of the certificate from the Mexican Central Authority attesting that service on Corrales was executed on June 6, 2018, pursuant to Article 6 of the Hague Service Convention.

<u>SEC Attempts to Contact Lafarga via Telephone and E-mail</u>

28. In addition to attempting service on Lafarga via the Hague Service Convention, the SEC staff separately made several attempts to contact Lafarga directly via both telephone and e-mail.  At no point has any legal counsel for Lafarga made contact with the SEC.

29. On November 14, 2017, a Spanish-speaking member of the SEC staff called a number that the SEC staff had identified as Lafarga's personal number based upon documents produced during the course of the SEC's investigation that led to this Action.  I was on the line for this call.  A woman who did not identify herself stated that Lafarga was not present and subsequently added that the phone number did not belong to Lafarga.

30. On November 14, 2017, the SEC staff called the main number for the Colegio de Contadores Publicos de Culiacan, A.C. (the "Colegio"), a professional organization at which the SEC understood, based upon online research, Lafarga was then employed.  I was on the line for this call.  The receptionist confirmed to the SEC staff that Lafarga was employed at the Colegio, and provided his direct office telephone number and an e-mail of [rlafarga90@hotmail.com](mailto:rlafarga90@hotmail.com).

31. The SEC staff called Lafarga's direct line at the Colegio six times between November 14, 2017 and January 3, 2018, leaving messages in Spanish with two separate individuals that identified themselves as co-workers of Lafarga and providing those individuals with the SEC's contact information and requesting that Lafarga contact the SEC staff.  I was on the line for several of these calls.

32. The SEC staff conducted a search of documents obtained during the course of its investigation that led to this Action and identified over 500 e-mails sent to Lafarga at the [rlafarga90@hotmail.com](mailto:rlafarga90@hotmail.com) address between the years 2008 and 2015.

33. The SEC staff sent a Spanish-language e-mail to rlafarga90@hotmail.com on May 22, 2019 that attached a Spanish translation of the Amended Complaint and summons, and requested that Lafarga contact the SEC staff. That e-mail was not returned as undeliverable.

34. To date, Lafarga has not contacted the SEC staff in response to any of its attempts to reach Lafarga via telephone or e-mail.

35. Attached as Exhibit 10 is a true and correct copy of the e-mail sent by the SEC staff on May 22, 2019 to rlafarga90@hotmail.com.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 3, 2019.

Benjamin D. Brutlag
(N.Y. Attorney Reg. No. 4596698)