RICHARD HONG (NY Attorney Reg. No. 2503589)
Email: HongR@sec.gov
J. LEE BUCK, II (D.C. Bar No. 421878)
Email: BuckJL@sec.gov
ALFRED C. TIERNEY (Cal. Bar No. 274265)
Email: TierneyA@sec.gov
BENJAMIN D. BRUTLAG (N.Y. Attorney Reg. No. 4596698)
Email: BrutlagB@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Melissa R. Hodgman, Associate Director
100 F Street N.E.
Washington, DC 20549
Telephone: (212) 336-0956 (Hong)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br>vs.<br><br>GERARDO DE NICOLÁS GUTIERREZ, CARLOS JAVIER MOCTEZUMA VELASCO, RAMÓN LAFARGA BÁTIZ, and NOE CORRALES REYES,<br><br>                    Defendants | Case No. 3:17-cv-02086-JAH-JLB<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR ORDER ALLOWING SERVICE OF SUMMONS AND AMENDED COMPLAINT UNDER RULE 4(F)(3)**<br><br>Date:   August 12, 2019 at 2:30pm<br>Judge: Hon. John A. Houston<br>Crtrm.: 13B<br>Motions Hearing: None requested |

SEC v. DE NICOLÁS GUTIERREZ, ET AL.        1        SEC's Supplemental Memorandum in Further
                                                                                Support of Motion for Order Allowing Service of
CASE NO. 3:17-CV-02086-JAH-JLB                              Summons and Amended Complaint

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this supplemental memorandum in further support of its pending Motion for Order Allowing Service of Summons and Amended Complaint Under Rule 4(F)(3), filed July 3, 2019 (the "Motion"), in the above-captioned action (the "Action"). (ECF No. 7.) Earlier this week, on July 23, 2019, Paul Alfieri of Reed Smith LLP – who the SEC identifies in the Motion as U.S.-based counsel for Defendant Gerardo de Nicolás Gutiérrez ("de Nicolás") – informed the SEC that Mr. Alfieri no longer represents de Nicolás. The SEC has moved pursuant to the Motion for an order allowing it to serve process upon de Nicolás through Mr. Alfieri. For the reasons discussed below, the SEC's proposed method of Rule 4(f)(3) service is nonetheless appropriate where, as here, U.S.-based counsel purports not to represent a foreign defendant.[1]

## ARGUMENT

On the same day it filed the Motion, the SEC sent Mr. Alfieri via e-mail a copy of the Motion and documents filed in support thereof. (*See* Brutlag Decl.,[2] Ex. 1.) Nearly three weeks later, Mr. Alfieri informed the SEC that "Reed Smith is not and has never been authorized to accept or waive service on behalf of Mr. De Nicolas in connection with [the Action], nor have we been authorized to defend him in that action. We no longer represent Mr. De Nicolas in any capacity." (*See* Brutlag Decl., Ex. 2.) On July 24, 2019, Mr. Alfieri informed the SEC that he is not aware of de Nicolás retaining other U.S.-based counsel.[3] *Id.*

Service upon de Nicolás through his now-former counsel satisfies the requirements of constitutional due process. (*See* ECF No. 7 at 8-9; *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) ("Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process.").) Whether counsel

---

[1] The SEC submits that the [Proposed] Formal Order filed with the Court on July 3, 2019 be amended to reflect that Mr. Alfieri is de Nicolás's "former" U.S.-based counsel.

[2] "Brutlag Decl." means the accompanying Declaration of Benjamin D. Brutlag, dated July 25, 2019.

[3] Should the SEC become aware of de Nicolás retaining new U.S.-based counsel while the Motion remains pending, the SEC will so notify the Court and submit that de Nicolás's new counsel be substituted as the appropriate recipient of Rule 4(f)(3) service upon him.

SEC v. DE NICOLÁS GUTIERREZ, ET AL.　　　2　　　SEC's Supplemental Memorandum in Further
Support of Motion for Order Allowing Service of
CASE NO. 3:17-CV-02086-JAH-JLB　　　　　　Summons and Amended Complaint

"technically represents" a foreign defendant is "of no moment" because "[d]ue process requires only that service through [counsel] be 'reasonably calculated' to apprise [those defendants] of the pendency of the action." *Products and Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-cv-00669-YGR, 2017 WL 1378532, at *4 (N.D. Cal. April 11, 2017). Indeed, "[c]ourts in the Ninth Circuit have ordered service through United States-based counsel even when counsel has refused to accept service on the ground that they do not represent the international defendants." *Id.* (citing *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565-66 (C.D. Cal. 2012) ("Due process does not require that the individuals served on behalf of foreign defendants have represented them or been authorized to accept service on their behalf."))

Mr. Alfieri's representation that he no longer represents de Nicolás has no bearing on the reasonableness of the calculation that service through him would apprise de Nicolás of the Action's pendency. Mr. Alfieri undisputedly has a close connection with de Nicolás. Mr. Alfieri and his former partner, Don Andrews, have represented de Nicolás for over three years and the SEC staff in recent months has communicated with Mr. Alfieri numerous times in connection with that representation. (*See* Declaration of Benjamin D. Brutlag, dated July 3, 2019 (ECF No. 7-1) at ¶¶ 5-7.) The SEC therefore has no reason to believe that Mr. Alfieri is suddenly without means to communicate with de Nicolás and provide him with sufficient notice of the Action and an opportunity to object.

SEC v. DE NICOLÁS GUTIERREZ, ET AL.        3        SEC's Supplemental Memorandum in Further
                                                                                   Support of Motion for Order Allowing Service of
CASE NO. 3:17-CV-02086-JAH-JLB                                                     Summons and Amended Complaint

**CONCLUSION**

For the reasons set forth above, as well as those stated in the Motion, the SEC respectfully requests that the Court authorize alternative service of process upon de Nicolás via e-mail and overnight delivery to Mr. Alfieri.

Dated:  July 26, 2019

                                            Respectfully submitted,

                                            */s/ Richard Hong*
                                            RICHARD HONG
                                            BENJAMIN D. BRUTLAG
                                            Attorneys for Plaintiff
                                            Securities and Exchange Commission

SEC v. DE NICOLÁS GUTIERREZ, ET AL.    4    SEC's Supplemental Memorandum in Further
CASE NO. 3:17-CV-02086-JAH-JLB            Support of Motion for Order Allowing Service of
                                          Summons and Amended Complaint