# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GERARDO DE NICOLAS GUTIERREZ, CARLOS JAVIER MOCTEZUMA VELASCO, RAMON LAFARGA BATIZ, AND NOE CORRALES REYES,<br><br>Defendants. | Case No.:  17cv2086-JAH (JLB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE** |

## **INTRODUCTION**

Pending before the Court is Plaintiff United States Securities and Exchange Commission's ("Plaintiff" or "SEC") Motion for Leave to Effect Alternative Service ("Motion") of the complaint and summons on Defendants Gerardo de Nicolàs Gutierrez ("de Nicolàs"), Carlos Javier Moctezuma Velasco ("Moctezuma"), and Ramon Lafarga Batiz ("Lafarga") (collective "Defendants")[1] via the prescribed methods described below.

---

[1] Defendant Noe Corrales Reyes ("Corrales") has properly been served via the Hague Convention of 15 November 1965 on the service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention").

1

*See* Doc. No. 7. Plaintiff contends that despite repeated efforts, he has been unable to service Defendants. *See* Doc. No. 7 at 3-6. For the reasons articulated below, Plaintiff's Motion for Alternative Service is **GRANTED**.

## **BACKGROUND**

On October 10, 2017, Plaintiff filed the complaint in this action against Defendants alleging violations of federal securities laws. *See* Doc. No. 1. On October 26, 2017, Plaintiff filed an amended complaint. *See* Doc. No. 4. On January 5, 2018, Plaintiff filed a notice stating that Defendants "have either not agreed to a waiver of service of process or otherwise declined to respond to the SEC's multiple requests for such waiver." *See* Doc. No. 5. The notice further informed the Court that Plaintiff would serve Defendants in accordance with the Hague Service Convention. *Id.*

Plaintiff's attempts in serving Defendants pursuant to the Hague Convention have been unsuccessful with all but one of the Defendants- Noe Corrales Reyes. To date, the remaining foreign Defendants reside in Mexico and have yet to be properly served. Plaintiff has moved for an order authorizing alternative service. *See* Doc. No. 7. There have been no oppositions filed as to Plaintiff's Motion.

## **LEGAL STANDARD**

Under Rule 4(f)(3), service upon an individual defendant may be affected at a place not within any judicial district of the United States "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P 4(f)(3). "Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Rio Properties, Inc., v. Riol Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). A party "need not have attempted every possible means of service of process before petitioning the court of alternative relief. Instead, [a party] need[] only to demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *Id.* at 1016. However, "[e]ven if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process." *Rio,* 284 F.3d at 1016.

## DISCUSSION

Plaintiff requests a court order under Rule 4(f)(3) authorizing service on Lafarga via email service. In addition, Plaintiff requests permitting service of process upon de Nicolàs and Moctezuma's United States based counsel.

**A. Email Service**

Requests for alternative service by email is amply supported by case law. *See Rio,* 284 F.3d at 1016 (recognizing that under Rule 4(f)(3) "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email."); *Tatung Company Ltd. v. Hsu,* SA CV 13-1743-DOC (ANx) 2015 WL 11089492, at *2 (C.D. Cal. May 18, 2015) ("Courts routinely authorize email service under Rule 4(f)(3)") (citing cases).

Plaintiff seeks to serve Lafarga via his personal email account under Rule 4(f)(3).[2] Plaintiff has made good faith efforts to serve the foreign Defendant through the Hague Convention, based upon previously known addresses, but has been unsuccessful. (Brutlag Decl. at ¶ 22). On November 14, 2017, Plaintiff contacted Lafarga's employment organization and obtained Lafarga's personal email address and direct office telephone number. (*Id.* at ¶ 30). Plaintiff has now been attempting service through authorized channels for several months and the Court is in agreement that substituted service is warranted on Lafarga. Furthermore, the Court determines the proposed method of service comports with the constitutional notions of due process. Service through Lafarga's confirmed email address is "reasonably calculated, under all the circumstances, to apprise [defendant] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Rio,* 284 F.3d at 1017.

///

---

[2] This Court previously granted Plaintiff's motion, pursuant to Rule 4(f)(3), to serve Lafarga via a Facebook account as a means of alternative service. (*Acosta v. Homex et al.*, Case No. 17-cv-02163, Doc. No. 7 at 2).

3

**B. Service on Defendant's Counsel**

Courts have held that the Hague Convention does not prohibit service on a foreign Defendant through counsel based in the United States. *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565 (C.D. Cal. 2012); *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011); *In re LDK Solar Sec. Litig.,* No. 07-CV-05182-WHA, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2018). Specifically, courts have allowed service "upon a foreign defendant's United States-based counsel" to prevent further delays in litigation. *Richmond,* 2011 WL 2607158, at *13; *Brown,* 285 F.R.D. at 566. In fact, "[s]ervice upon a foreign defendants United States-based counsel is a common form of service ordered under Rule 4(f)(3)" (citing cases). *Richmond,* 2011 WL 2607158, at *13. Whether to authorize service under Rule 4(f)(3) is left to the "sound discretion" of the trial court, when it determines that the "particularities and necessities of a given case" require alternative service. *Rio,* 284 F.3d at 1016.

Plaintiff has attempted to serve de Nicolàs and Moctezuma through the Hague Convention and has been unsuccessful. The Mexican Central Authority attested that service could not be completed. (Brutlag Decl. at ¶ 20, 21). Plaintiff contends that service through Defendants' U.S. counsel is appropriate because of the substantial time and difficulty in serving the foreign defendants in Mexico. Paul Alfieri, an attorney in the New York office of Reed Smith LLP, represents de Nicolàs in connection with this action. Mr. Alfieri affirms he is not authorized to accept or waive service on behalf of de Nicolàs (Brutlag Decl. at ¶ 8). Upon receiving Plaintiff's motion, Mr. Alfieri informed Plaintiff he is no longer representing de Nicolàs and is unaware if a substitute U.S.- based counsel has been obtained. (Brutlag Decl., Ex. 2). G. Robert Gage, Jr., an attorney at Gage Spencer & Fleming LLP, represents Moctezuma in connection with this action. Mr. Gage affirms he is also not authorized to accept or waive service on behalf of Moctezuma (Brutlag Decl. at ¶ 15).

The Court finds that Plaintiff's proposed means of service are not prohibited by international agreement even taking into account Mexico's objection to certain articles of

1 the Hague Convention- Article 10, service through "postal channels, directly to persons
2 abroad" or "judicial officers." Service on Defendants' U.S.-based attorney is permissible
3 because the Hague Convention does not bar this type of service, regardless if the other
4 country has objected. *Carrico v. Samsung Elecs. Co.,* No. 15-CV-02087-DMR, 2016 WL
5 2654392, at *4 (N.D. Cal. May 10, 2016) (finding that "[n]othing in the Hague Convention
6 bars Plaintiffs' requested service on [the defendant] through [his] attorney."). The Court
7 finds that the "particularities and necessities" of this case warrant the requested method of
8 alternative service.

Having concluded that the form of service plaintiff requests is not prohibited by international agreement, the Court must determine if the "method of service of process [] also comport[s] with [the] constitutional notion of due process." *Rio,* 284 F.3d at 1016. Mr. Alfieri and Mr. Gage argue that service of process would be improper because either they no longer represent the foreign individual defendants or that they have not been authorized to accept service on the defendant's behalf. These arguments are unavailing. Due process does not require that individuals served on behalf of a foreign defendant have represented them in the past or have been authorized to accept service. Rather, "[t]he reasonableness and hence the constitutional validity of any chosen method may be defendant on the ground that it is in itself reasonably certain to inform those affected." *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 315 (1950). It appears that both de Nicolàs and Moctezuma have been in communication with their U.S.-based counsel, and that service on their U.S.-based counsel will provide the requisite notice of the pending action and an opportunity to respond.

///
///
///
///
///
///

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion for Alternative service is **GRANTED**. It is hereby ordered:

1. Plaintiff shall serve defendant de Nicolàs via e-mail and overnight delivery to de Nicolàs' U.S.-based counsel, Paul Alfieri, Esq. of Reed Smith LLP.
2. Plaintiff shall serve defendant Moctezuma via email and overnight delivery to U.S.-based counsel, G. Robert Gage, Jr., Esq., of Gage Spencer & Fleming LLP.
3. Plaintiff shall serve defendant Lafarga via email.

**IT IS SO ORDERED.**

DATED: March 19, 2020

_____
Hon. John A. Houston
United States District Judge